UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FINANCIAL PACIFIC LEASING, INC.     CIVIL ACTION

VERSUS     NO. 18-5853

VOLTAGE TRAMPOLINE PARKS, LLC, ET AL.     SECTION "R" (3)

## ORDER AND REASONS

Before the Court is plaintiff's unopposed motion for partial summary judgment. Because the record before the Court establishes that plaintiff is entitled to the relief it seeks, the motion is granted.

## I. BACKGROUND

This case arises out of a financing agreement between plaintiff Financial Pacific Leasing, Inc. and defendant Voltage Trampoline Parks, LLC.[1] The following facts are undisputed. They are based upon an affidavit by plaintiff's Loss Recovery Specialist, Jessica Bailey, and a copy of the financing agreement filed into the record.[2] Bailey has certified that the agreement, and the other documentation plaintiff has submitted to the Court

---

[1] R. Doc. 1.
[2] *See* R. Doc. 21-3; R. Doc. 21-4.

in connection with its motion, are true and correct reproductions of the original records maintained by plaintiff.[3]

Pursuant to the financing agreement, plaintiff agreed to finance Voltage's purchase of various pieces of equipment in exchange for 60 monthly payments of $1,718.00 each.[4] Defendant Delois Tucker personally guaranteed the payment and performance of all of Voltage's obligations under the agreement.[5] The agreement provides that Voltage would be considered in default if it failed to timely pay any monthly amount due.[6] In the event of a default, the agreement permits plaintiff to require Voltage or its guarantor to immediately pay the entire remaining sum of unpaid payments.[7] In addition, the agreement provides that (1) any amounts past due accrue interest at a rate of 1.5% per month (18% per annum), or the maximum rate allowed under applicable law;[8] and (2) for each late payment,

---

[3] R. Doc. 21-3 at 2.
[4] R. Doc. 21-2 at 1 ¶ 2; R. Doc. 21-4 at 1.
[5] R. Doc. 21-2 at 2 ¶ 5; R. Doc. 21-4 at 1. Defendant Donald Dandridge's name also appears as a guarantor on the financing agreement. R. Doc. 21-4 at 1. But Dandridge stated in his answer to plaintiff's complaint that he did not in fact sign the agreement. R. Doc. 12 at 1. Plaintiff states that its motion does not apply to its claims against Dandridge. R. Doc. 21-1 at 2-3.
[6] R. Doc. 21-2 at 2 ¶ 7; R. Doc. 21-4 at 2.
[7] R. Doc. 21-2 at 2 ¶ 8; R. Doc. 21-4 at 2.
[8] R. Doc. 21-2 at 1 ¶ 3; R. Doc. 21-4 at 2.

Voltage would be charged a late fee equal to the greater of 10% of the amount due or $10.[9]

The financing agreement further provides that Voltage granted plaintiff a first priority security interest in the equipment it was to purchase.[10] Plaintiff perfected its security interest in the equipment after executing the financing agreement by filing a UCC-1 Financing Statement.[11] The agreement also requires Voltage to pay any costs plaintiff may incur enforcing its rights under the agreement, including its attorneys' fees.[12]

Voltage made some payments required by the financing agreement in October 2017, January 2018, and March 2018.[13] But Voltage failed to pay the full monthly payments due under the terms of the agreement for February 2018 and every month thereafter.[14] On May 16, 2018, plaintiff notified Voltage and Tucker that because they were in default of the agreement, plaintiff was exercising its right to demand immediate payment of the sum of all unpaid payments.[15] As of October 16, 2018, Voltage—and Tucker as guarantor—owed a total of $95,157.74 in unpaid payments and

---

[9]  R. Doc. 21-2 at 2 ¶ 4; R. Doc. 21-4 at 2.
[10] R. Doc. 21-2 at 2 ¶ 6; R. Doc. 21-4 at 1.
[11] R. Doc. 21-2 at 2 ¶ 6; R. Doc. 21-5.
[12] R. Doc. 21-2 at 2 ¶ 9; R. Doc. 21-4 at 2.
[13] R. Doc. 21-3 at 3.
[14] R. Doc. 21-2 at 2 ¶ 10; R. Doc. 21-3 at 3.
[15] R. Doc. 21-2 at 2-3 ¶ 12; R. Doc. 21-6 at 2.

$7,020.91 in late charge penalties, plus pre-judgment interest and plaintiff's costs incurred to enforce its rights.[16]

Plaintiff now moves for partial summary judgment to enforce its rights under the agreement against Voltage and Tucker.[17] Voltage and Tucker did not oppose plaintiff's motion.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either

---

[16] R. Doc. 21-2 at 3 ¶ 13; R. Doc. 21-3 at 4.
[17] R. Doc. 21.

4

support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal citation omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by

5

submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

A motion for summary judgment cannot be granted simply because it is unopposed. *Calais v. Theriot*, 589 F. App'x 310, 311 (5th Cir. 2015). But a court may grant an unopposed a motion "if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Id.* Here, the undisputed facts in the record show that plaintiff and Voltage entered into an agreement whereby plaintiff would finance Voltage's purchase of certain equipment.[18] The record further shows that Voltage, as a debtor, and Tucker, as a guarantor, are in default of the agreement for their failure to timely make

---

[18] R. Doc. 21-4.

the monthly payments due.[19] Finally, the record shows that plaintiff had the right to accelerate the payments due under the agreement and demand immediate payment of a sum equal to all of the unpaid payments already due and all of the payments that would later become due.[20] Summary judgment for plaintiff against Voltage and Tucker is therefore proper.

The Court finds that there is no just reason to delay granting plaintiff's motion for partial summary judgment against Voltage and Tucker. *See* Fed. R. Civ. P. 54(b) (a "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay"). Dandridge has raised a defense that he did not in fact sign the financing agreement as a guarantor.[21] The Court sees no reason to delay the relief plaintiff seeks from Voltage and Tucker—who do not dispute that they are in default of the financing agreement and liable for the damages plaintiff seeks—because of this factual dispute. In fact, speedy judgment for plaintiff is to Voltage and Tucker's advantage, as the amounts they owe will be subject to the more favorable post-judgment interest rate pursuant to 28 U.S.C. § 1961(a).

---

[19] R. Doc. 21-2 at 2 ¶ 10; R. Doc. 21-3 at 3.
[20] R. Doc. 21-2 at 2-3 ¶ 12; R. Doc. 21-4 at 2; R. Doc. 21-6 at 2.
[21] R. Doc. 12 at 1.

Plaintiff is therefore entitled to a judgment against Voltage and Tucker to recover the following: all unpaid payments due under the financing agreement; late charges that may be imposed under the terms of the agreement; pre-judgment interest that has accrued and which continues to accrue at a rate of 18% per annum; post-judgment interest that will accrue at the rate set by 28 U.S.C. § 1961(a) until all amounts are paid in full; attorneys' fees and costs plaintiff has incurred to enforce its rights under the terms of the financing agreement; and any attorneys' fees and costs plaintiff may incur post-judgment to enforce its rights under the agreement. Plaintiff is also entitled to recognition as the holder and owner of the financing agreement, and to recognition of the validity and enforceability of the liens and security interests it holds under the terms of the agreement.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for partial summary judgment as to Voltage and Tucker. Plaintiff is ordered to submit to the Court a proposed judgment within 14 days of the entry of this Order. The proposed judgment should include the current total amounts owed by Voltage and Tucker in accordance with the terms of the finance agreement. If those amounts are different from the amounts contained in

the sworn affidavit of Jessica Bailey,[22] the revised amounts must be accompanied by a sworn certification as to their accuracy. The proposed judgment must not include an amount of attorneys' fees and costs to be awarded. Plaintiff should file a motion to establish those amounts within 14 days after the entry of the final judgment.

New Orleans, Louisiana, this __20th__ day of February, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[22] R. Doc. 21-3.